**Benito Romero BONIFACIO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77053.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Benito Romero Bonifacio, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Benito Romero Bonifacio, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("J") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's discretionary determination that Romero Bonifacio failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

■ Romero Bonifacio's contention that the agency deprived him of due process by misapplying the law to the facts of his case, mischaracterizing testimony, and failing to properly assess the hardship his children would experience does not state a colorable due process claim. *See id.* ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction"); *see also Sanchez–Cruz*, 255 F.3d at 779 (holding that the "misapplication of case law" may not be reviewed).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Contrary to Romero Bonifacio's contention that the IJ failed to fully develop the record and was biased, the record shows that the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.